CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Cville
OCT 3 0 2012
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| NANETTE D. W. ELDRIDGE, | ) | |
| | ) | Civil Action No.  3:12CV00017 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   Honorable Glen E. Conrad |
| | ) |        Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively.  Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Nanette Eldridge, was born on May 6, 1969, and eventually completed her high school education.  Mrs. Eldridge has been employed as a retail sales manger, sales associate, dietary aide, and fast food worker.  She last worked on a regular and sustained basis in 2007.  On September 5, 2008, plaintiff filed applications for disability insurance benefits and supplemental security

income benefits. An earlier application for social security benefits had proven unsuccessful. In filing the claims currently before the court, Mrs. Eldridge alleged that she became disabled for all forms of substantial gainful employment on January 31, 2007, due to spinal deterioration, arthritis, back injury, and shoulder injury. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Eldridge met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Eldridge's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 18, 2011, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Eldridge suffers from severe impairments on the bases of back disorder and obesity. Despite these problems, as well as certain other less severe difficulties, the Law Judge ruled that plaintiff retains sufficient functional capacity to return to her past relevant work roles as a sales clerk and fast food worker. Accordingly, the Law Judge ultimately concluded that Mrs. Eldridge is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Eldridge has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts

2

and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. <u>Vitek v. Finch</u>, 438 F.2d 1157, 1159-60 (4th Cir. 1971); <u>Underwood v. Ribicoff</u>, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The record reveals that, over the last several years, plaintiff has suffered from low back pain, kidney stones, tonsilitis, migraine headaches, knee pain, and depression. The medical evidence confirms that Mrs. Eldridge's kidney stones, tonsilitis, migraine headaches, and knee pain have been successfully treated or are well controlled. While plaintiff has also experienced situational depression, she has not received treatment from a mental health specialist. Without question, Mrs. Eldridge's most serious and persistent physical problem is low back pain. Plaintiff has been treated on a regular basis for this condition since 2006, when she apparently experienced a work-related injury. However, the court believes that the Administrative Law Judge properly determined that plaintiff's physicians do not consider her lower back complaints to be disabling in overall impact. Indeed, the medical reports indicate that plaintiff has not followed through with all her treatment regimens, and that her clinical findings are not overly remarkable. An EMG completed on October 8, 2008, was essentially negative for evidence of peripheral neuropathy or active lumbar radiculopathy. In short, given the medical record in this case, the court must conclude that the Administrative Law Judge properly determined that plaintiff continues to possess sufficient residual functional capacity to engage in several of her past relevant work roles. Thus, the court concludes that the final decision of the

3

Commissioner is supported by substantial evidence.  It follows that the final decision of the Commissioner must be affirmed.  Laws v. Celebrezze, supra.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Eldridge is free of all pain, discomfort, weakness and fatigue.  Indeed, plaintiff's own testimony at the administrative hearing suggests that she is significantly impaired.  The medical record confirms that plaintiff has sought treatment for serious back problems, and that her doctors do not question the severity of her complaints.  However, it must again be noted that the treating physicians in this case have not produced clinical findings consistent with a disabling musculoskeletal impairment.  The objective tests have also proven negative.  No doctor has suggested that Mrs. Eldridge is totally disabled for all forms of work.  It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled.  Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996).  The court finds that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits.  It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

In passing, the court notes that there is some indication that the medical picture in Mrs. Eldridge's case has changed.  At the time of oral argument in the case, plaintiff represented to the court that she has sought treatment from different medical providers, and that she expects to receive better diagnoses as to the cause and extent of her lower back dysfunction.  While there is no indication that there is new evidence which would indicate that the Commissioner's current decision should be reconsidered, the court notes that Mrs. Eldridge may wish to file new applications if more recent medical evaluations document a worsening of her musculoskeletal condition.

4

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of October, 2012.

_____
Chief United States District Judge

5